

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**CARLA KERR STEARNS**
Practice Attorney
212-294-3553
CStearns@winston.com

January 23, 2017

The Honorable Judge Leonard D. Wexler
Senior United States District Court Judge
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

Re:     Collymore/Malik v. North Shore University Hospital No. 16-cv-6584 (LDW) (SIL)

Dear Judge Wexler:

We represent Defendant North Shore University Hospital ("NSUH") in the above-entitled action.  Pursuant to Rule 2(B) of Your Honor's Individual Motion Practice and Rules, we write to request a pre-motion conference on NSUH's proposed motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

Plaintiffs Nicole Collymore and Faisal Malik ("Plaintiffs") purport to bring claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") on behalf of a class of nurses, nurse practitioners, physician assistants, and any other NSUH employee working a so-called "13th shift" each month.  (Compl. ¶1.)

The essence of Plaintiffs' Complaint is that the class of employees are misclassified as exempt employees and are owed overtime under the FLSA and NYLL for work performed during one 13th shift in every four-week pay cycle.  The Plaintiffs claim that they are non-exempt because they are "hourly" and not paid on a salary basis.  Plaintiffs identify, without specifics, two types of alleged pay docking in an attempt to defeat the salary basis test, *i.e.* docking for calling in sick less than two hours before the start of the employee's shift, and docking for sickness or lateness.  (Compl. ¶¶25-26.)  However, none of these allegations are sufficient to constitute any violation of law by NSUH.

It is long-settled law that registered nurses and the other hospital professionals identified in the Complaint are presumptively exempt from overtime under the FLSA and corresponding State law.  The FLSA exempts "bona fide executive, administrative, or professional" employees from overtime pay requirements.  29 U.S.C. §213(a)(1).  The Department of Labor applies a presumptive exemption to registered nurses and physician assistants under the learned professional exemption. 29 C.F.R. §541.301(e)(2) ("Registered nurses who are registered by the appropriate State examining board generally meet the duties requirements for the learned professional exemption."); 29 C.F.R. § 541.301(e)(4) ("Physician assistants who have successfully completed four academic years of pre-professional and professional study, …and who are certified by the National Commission on Certification of Physician Assistants generally meet the duties requirements for the learned professional exemption.")



As noted in the 2004 Final Rule defining the professional exemption, the "well-established regulatory exemption for registered nurses has appeared in the existing interpretative guidelines for more than 32 years," and, similarly, there has been a "long-standing recognition of physician assistants as exempt learned professionals." Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22,122, at 22,152-53 (Apr. 23, 2004).

Apart from the explicit exemption for nurses and physician assistants as professionals, the regulations state that, in general, in order to meet the FLSA criteria for the "professional" exemption, an employee must satisfy both a "duties test" and a "salary basis test". *See* 29 C.F.R. §541.300(a). Given the strength of the presumption in favor of registered nurses and physician assistants meeting the duties test, Plaintiffs' Complaint solely focuses on attempting to claim that Plaintiffs do not meet the salary basis test because Plaintiffs are subject to a 13th shift and docking.

Plaintiffs' Complaint fails to state a claim (1) under the NYLL, because such claim depends entirely on whether Plaintiffs fail to meet the duties test, and the Complaint includes no factual allegations whatsoever that the purported class of registered nurses, *et al.* fail the duties test, and (2) under the FLSA, because Plaintiffs allegations regarding a 13th shift and vague allegations concerning docking do not go beyond activity permitted in the case law and federal regulations.

First, there is no basis for a claim under the NYLL. New York labor law is similar to federal law in exempting employees working in bona fide executive, administrative or professional capacities. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14. "However, with respect to the professional capacity exception, 'New York law differs from federal law…in that to establish the exception, the employer need not satisfy a "salary" test, only a duties test.'" *Bongat v. Fairview Nursing Care Center, Inc.*, 341 F. Supp. 2d 181, 187 (E.D.N.Y. 2004) (Feuerstein, J.) (quoting *Dingwall v. Friedman Fisher Assocs.*, 3. F. Supp. 2d 215, 220 (N.D.N.Y. 1998)). As Judge Feuerstein noted in *Bongat*, the language set forth in the New York regulations is almost identical to that used in the federal regulations, and "registered nurses" and other hospital professionals with "specialized advanced academic degree[s]" therefore "satisfy the duties test for the professional exemption" and "are exempt from the requirements of New York labor law". *Bongat*, 341 F. Supp. 2d at 187; *see Hinterberger v. Catholic Health System, Inc.*, 299 F.R.D. 22, 34 (W.D.N.Y. 2014) ("[C]ourts considering NYLL overtime claims have applied federal law to conclude that registered nurses, such as [plaintiffs], meet the test for professional employment and so are exempt from New York's overtime provisions, even when they are paid on an hourly basis.") As the Complaint alleges that the putative class members are non-exempt solely because the salary basis test is not met—and there is no salary basis test under the NYLL—the claim fails as a matter of law.

Second, Plaintiffs fail to state a claim under the FLSA. Under the regulations, "[a]n employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. §541.602(a).

Under the thirteen-shift scheduling system, employees may work a different number of shifts from one week to the next, and they receive pay of 1/52 of annual salary each week regardless of how many scheduled hours



are worked in a specific week. This scheduling system does not render exempt employees as non-exempt. Neither does differential pay per hour of night shifts. This exact salary scheme was described in *O'Brien v. Town of Agawan*, 440 F. Supp. 3d 3, 6 (D. Mass 2006), and the First Circuit affirmed summary judgment in favor of the employer town with respect to plaintiff supervisory police officers who were exempt as executives under the duties test. *See O'Brien v. Town of Agawan*, 350 F.3d 279, 282, 292 (1st Cir. 2003).

Neither is the docking alleged in the Complaint sufficient to survive a motion to dismiss under the regulations or *Auer v. Robbins*, 519 U.S. 452 (1997). With respect to docking for sickness, the regulations specifically permit "[d]eductions from pay …for absences of one or more full days occasioned by sickness…if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by such sickness or disability." 29 C.F.R. §541.602(b)(2). Plaintiffs fail to allege that any alleged docking that occurs as a result of sickness is not made in accordance with such bona fide plan.

Furthermore, with respect to docking for lateness, the regulations state that the employer may lose the exemption if there is an "actual practice" of making improper deductions, which demonstrates that the employer did not intend to pay employees on a salary basis. 29 C.F.R. §541.603(a). But "isolated or inadvertent deductions" do not result in loss of the exemption. 29 C.F.R. §541.603(c). There are no specific allegations that any deductions constitute an "actual practice" of deducting for lateness.

Plaintiffs also cite the NSUH employee handbook for the proposition that NSUH docks employees for calling in sick within two hours of the start of their shifts. (Compl. ¶25.) As the handbook is "integral" to Plaintiffs' claim, it may be considered on a motion to dismiss. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) (in deciding a motion to dismiss the district court may consider documents integral to the complaint on which plaintiffs rely and had notice). In point of fact, the NSUH employee handbook simply prohibits calling in sick within two hours of the employee's shift; there is no express penalty, docking or otherwise, referenced at all. Such a prohibition, without more, plainly fails to state a claim under *Auer v. Robbins*, 519 U.S. 452, 461 (1997), in that it does not "'effectively communicate[]'" that deductions will be made in these circumstances.

Finally, Plaintiffs fail to adequately allege an estimation of the "overtime" work hours that were unpaid under the FLSA. *See, Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 89 (2d Cir. 2013) (holding plaintiff failed to plausibly allege that she worked overtime without proper compensation where plaintiff did not estimate her hours in any or all weeks or provide other factual context or content).

                Respectfully submitted,

                s/Carla Kerr Stearns

cc.    Orin Kurtz                                  Amanda Sommerfeld
       Gardy & Notis, LLP                   Winston & Strawn LLP
       126 East 56th Street, 8th Fl.          333 S Grand Ave, 38th Fl.
       New York, NY 10022                Los Angeles, CA 90071