

Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
212 905 0509  T
212 905 0508  F
www.gardylaw.com
www.nyc-employmentlawyer.com

**Gardy & Notis, LLP**
Attorneys at Law

January 30, 2017

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722
149 Parkside Drive
Suffern, NY 10901

      Re:  *Collymore v. North Shore University Hospital*
           No. 16-cv-6584 (LDW) (SIL)

Dear Judge Wexler:

      This firm represents plaintiffs Nicole Collymore and Faisal Malik ("Plaintiffs") in the above action. Pursuant to Your Honor's Individual Motion Practices and Rules, I write in response to the request by defendant North Shore University Hospital ("NSUH" or "Defendant") for a pre-motion conference in anticipation of a motion to dismiss.  Defendant's argument is substantially based on "facts" that do not appear in the Complaint, and affirmative defenses that are inappropriate for adjudication on a motion to dismiss under Rule 12(b)(6).  The request should be denied and discovery should proceed.

      The complaint in this action alleges that Plaintiffs and numerous other employees working on the 12-hour "flex shift" at NSHU are required to work an extra, unpaid shift once per month (the "13th Shift"). As a result of working this unpaid shift, Plaintiffs and all employees working on the "flex shift" are denied overtime pay in violation of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL").[1]

      The allegation that Plaintiffs are hourly-paid, non-exempt employees and entitled to the protections of the FLSA (Complaint ¶2) is sufficient to withstand NSUH's contention that Plaintiffs are exempt.  *See Bachayeva v. Americare Certified Special Servs., Inc.*, No. 12-CV-1466 RRM, 2013 WL 1171741, at *4 (E.D.N.Y. Mar. 20, 2013) (denying motion to dismiss due to purported exemption where "Plaintiffs clearly and plainly allege that 'Defendant's nurses were non-exempt employees who were paid hourly and as such were entitled to be paid overtime.'").

      Nonetheless, NSUH seeks to dismiss Plaintiff's claims due to a purported exemption that is not apparent on the face of the Complaint.  NSUH's arguments fail in two respects.  As an initial matter,

---

[1]    Plaintiffs will not oppose a motion to dismiss the NYLL claims in this action.

**Gardy & Notis, LLP**

Hon. Leonard D. Wexler
January 30, 2017
Page 2

the "application of an exemption to the FLSA is an affirmative defense [] which may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) (citations and quotation marks omitted); *Bachayeva*, 2013 WL 1171741, at *5 (E.D.N.Y. Mar. 20, 2013) ("dismissal under Rule 12(b) (6) on the basis of an affirmative defense is appropriate *only* if the defense appears on the face of the complaint.") (citation omitted; emphasis added). "A plaintiff is not required to plead the absence of such a defense." *Chen*, 798 F.3d at 81. Such a requirement is particularly appropriate given that the "FLSA is a remedial statute, the exemptions are to be narrowly construed and the employer must show that the employee fits plainly and unmistakably within the exception's terms." *Bachayeva*, 2013 WL 1171741, at *4 (citation and brackets omitted).

Moreover, NSUH relies on facts that are not in the Complaint and thus those "facts" should not be considered on a motion to dismiss. *Id.* at *5 (refusing to consider "myriad documents appended to" motion to dismiss).

Under this framework, NSUH's arguments are ineffective. NSUH argues that Plaintiffs are paid on a salary basis because they may work a different number of shifts from one week to the next, but they receive 1/52 of their annual salary each week regardless of how many scheduled hours they work. Def. Ltr. at 2-3. That fact is nowhere in the Complaint which alleges, to the contrary, that Plaintiffs "are paid on an hourly basis and their pay may be reduced based on the quantity of hours worked." Complaint ¶25. Notably, the one decision NSUH cites for its exemption argument was rendered after discovery on summary judgment. Def. Ltr. at 3 (citing *O'Brien v. Town of Agawam*, 350 F.3d 279 (1st Cir. 2003).

NSUH also argues that the docking alleged in the Complaint is insufficient because there are no specific allegations that any deductions made constitute an "actual practice" of deducting for lateness. Def. Ltr. at 3 (arguing that isolated or inadvertent deductions do not result in the loss of an exemption). However, the "actual practice" NSUH references would only be relevant to NSUH's proposed affirmative defense that Plaintiffs are exempt and thus it is inappropriate at this stage.

NSUH also seeks to dismiss on the basis that Plaintiffs "fail to allege that any alleged [pay] docking that occurs as a result of sickness is not made in accordance with" a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by such sickness[.]" Def. Ltr. at 3 (citing *Auer v. Robbins*, 519 U.S. 452 (1997)).[2] This however, fails to acknowledge that the Complaint need not plead the absence of an affirmative defense. *Chen*, 798 F.3d at 81.

---

[2]    NSUH fails to make clear that *Auer* was decided after a full record was developed at trial. *See Auer v. Robbins*, 65 F.3d 702, 708 (8th Cir. 1995).

**Gardy & Notis, LLP**

Hon. Leonard D. Wexler
January 30, 2017
Page 3

NSUH admits that its handbook "prohibits calling in sick within two hours of the employee's shift," but denies that a penalty attaches.  Def. Ltr. at 3.  That assertion is plainly belied by the Complaint's allegation Plaintiff Nicole Collymore was penalized for violating this policy.  Complaint ¶25.  Courts have held that "[d]eductions that are taken from pay in less than one week increments for disciplinary violations are inconsistent with compensation on a salary basis."  *Davis v. Lenox Hill Hosp.*, No. 03 CIV.3746 DLC, 2004 WL 1926087, at *4 (S.D.N.Y. Aug. 31, 2004).

Finally, in the only argument directed toward the Complaint, NSUH asserts that Plaintiffs fail to estimate the overtime work hours that were unpaid under the FLSA in "any or all weeks."  Def. Ltr. at 3.  To the contrary, the Complaint specifically alleges that Plaintiff Collymore worked six hours of unpaid overtime in the week of August 14-20, 2016 and is owed $477.96, plus liquidated damages as permitted under the FLSA, as a result of working a 13th Shift.  Complaint ¶21.  The Complaint further alleges that Plaintiff Faisal Malik, "like Plaintiff Nicole Collymore, was not paid at overtime rates, or at all, for the 13th Shift despite the fact that the 13th shift caused him to work more than 40 hours in a work week."  The Complaint sets out the general framework of Defendant's violation—that it requires employees on the flex shift to work one extra shift per month and does not pay them for some or all of the hours worked on that extra shift.  Complaint ¶¶2, 20.

These allegations render Plaintiffs' claims plausible, which is all that is required in a FLSA pleading.  The one case NSUH cites contained a pleading that was inarguably deficient and simply tracked the language of the FLSA.  *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (plaintiffs alleged they worked under 40 hours per week and thus no plausible allegation of an FLSA violation).  As the court in *Dejesus* noted, deciding whether allegations are sufficient is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 88.  Moreover, the Second Circuit recognized that plaintiffs are at a disadvantage in pleading because the employer has access to and control over the time and pay records that are needed to fill out allegations. *Id.* at 86.  The court in *Dejesus* expressly declined to require a plaintiff to plead with "mathematical precision," (*Id*. at 90) and rather simply required that a pleading plausibly allege a failure to pay overtime.  Here, as shown above, the Complaint plausibly alleges that Plaintiffs worked over 40 hours per week and were not paid at overtime rates in violation of the FLSA and does not simply track the language of the FLSA.

                                           Respectfully submitted,

                                           *Orin Kurtz*

                                           Orin Kurtz

cc: All Counsel (by ECF)