

Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
212 905 0509  T
212 905 0508  F
www.gardylaw.com
www.nyc-employmentlawyer.com

March 15, 2017

**Gardy & Notis, LLP**
Attorneys at Law

<u>Via ECF and FedEx</u>

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

      Re:  *Collymore v. North Shore University Hospital*
          No. 16-cv-6584 (LDW) (SIL)

Dear Judge Wexler:

      This firm represents plaintiffs Nicole Collymore and Faisal Malik ("Plaintiffs") in the above action. Pursuant to Your Honor's Individual Motion Practices and Rules, I write to request a pre-motion conference, or alternatively to waive the pre-motion requirement and order the parties to submit a briefing schedule, for Plaintiffs' anticipated motion for conditional certification pursuant to 29 U.S.C. §216(b) in this Fair Labor Standards Act collective action.

      Pursuant to 29 U.S.C. §216(b), a plaintiff may move for "conditional certification," which permits the plaintiffs to send notice of the action to potential opt-in plaintiffs who may join the suit as party plaintiffs.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).  Because of the preliminary nature of such a motion—which is usually made before any discovery takes place—the "plaintiff's burden is minimal[.]"  *Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 326 (S.D.N.Y. 2010); *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 319 (S.D.N.Y. 2011) ("Because certification at this first early stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are 'similarly situated' is very low.").  Plaintiffs only need to "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."  *Myers*, 624 F.3d at 555 (citation and quotation marks omitted).

      At this preliminary stage, the Court should not make a determination on the merits of the case. The focus of the inquiry "is not on whether there has been an actual violation of law but rather [is limited to] whether the proposed plaintiffs are similarly situated under 29 U.S.C. §216(b) with respect to their allegations that the law has been violated."  *Guillen v. Marshalls of Mass., Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010) (citations and quotation marks omitted).

      Courts frequently grant conditional certification based solely on the allegations of the complaint and the affidavit(s) of the named plaintiffs attesting to observations of a common unlawful policy.  *See, e.g., Tubiak v. Nielsen Co. (US), LLC*, No. 15-CV-5159 (PKC), 2016 WL 796861, at *2 (S.D.N.Y. Feb. 25,

**Gardy & Notis, LLP**

Hon. Leonard D. Wexler
March 15, 2017
Page 2


2016) (court granted conditional certification of a nationwide collective based on two named plaintiffs' affidavits)*; Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14-CV-2848 SHS, 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015); *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12 CIV. 7795 RWS, 2013 WL 5303766, at *3 (S.D.N.Y. Sept. 20, 2013) ("courts in this Circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit").


In this action, the complaint alleges that Plaintiffs and other similarly situated employees who worked on Defendant's "flex shift" were required to work one shift per month without being paid overtime for that shift in violation of the Fair Labor Standards Act.  Plaintiffs intend to rely on the allegations of the complaint, and intend to submit affidavits attesting to their own experiences and observations concerning similarly situated employees who, like Plaintiffs, worked on the flex shift and were required to work an additional shift without overtime pay.


We thank Your Honor for your consideration of this matter.


Respectfully submitted,


*Orin Kurtz*


Orin Kurtz


cc: All Counsel (by ECF)