# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2452
TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

Direct Number:  (213) 243-2174
asommerfeld@jonesday.com

April 17, 2017

VIA ECF

Hon. Leonard D. Wexler
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:    Collymore, et al. v. North Shore University Hospital
>        No. 2:16-cv-06584 (LDW) (SIL)

Dear Judge Wexler:

Pursuant to this Court's Individual Motion Practices and Rules, defendant North Shore University Hospital ("Defendant" or "NSUH") requests a pre-motion conference to submit a briefing schedule on its Rule 56 Motion for Summary Judgment on the claims of the two individually named plaintiffs in this matter, Faisal Malik and Nicole Collymore ("Plaintiffs").

Plaintiffs allege they were, at all times relevant, employed by NSUH as Registered Nurses (RNs).  (Dkt. 21-3, Declaration of Nicole Collymore ("Collymore Dec."), ¶ 2; Dkt. 21-3, Declaration of Faisal Malik ("Malik Dec."), ¶ 2.)  Additionally Plaintiffs allege they are entitled to overtime pay under the Fair Labor Standards Act (FLSA) for approximately 6 hours of work in a "13th shift" that reoccurred once in every four-week pay cycle.

The FLSA exempts "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).  To meet the "professional" exemption, an employee must satisfy both a "salary basis test" and a "duties test." *See* 29 C.F.R. § 541.300.

For decades, the law has provided that RNs perform duties exempt from overtime pay under the FLSA.  29 C.F.R. § 541.301(e)(2) ("[RNs] who are registered by the appropriate State examining board generally meet the duties requirements for the learned professional exemption.")  Indeed, as noted over ten years ago in the 2004 Final Rule defining the professional exemption, there is a "well-established regulatory exemption for [RNs] [that] has appeared in the existing interpretative guidelines for more than 32 years." 69 FR 22122-01 at 22152.

Plaintiffs never allege in their Complaint that they are not exempt under the FLSA because they fail to meet the duties test of the professional exemption.  Instead, they allege that they were not paid on a "salary basis" because they received extra compensation for hours

NAI-1502640351v3

Hon. Leonard D. Wexler
April 17, 2017
Page 2

worked above their standard schedules, and because their wages were "docked" for partial day absences. *See* Dkt. 1, Complaint ¶¶ 5, 8, 25-26. But it is well-settled that paying extra compensation beyond a standard schedule - even at an "hourly" rate - does not defeat the salary basis test. *See* 29 C.F.R. § 541.604(a) ("[T]he exemption is not lost if an exempt employee who is guaranteed at least $455 each week…also receives additional compensation based on hours worked for work beyond the normal workweek. Such additional compensation may be paid on any basis (e.g.,…straight-time hourly amount, time and one-half…).").

Regarding the alleged "pay docking," Plaintiff appear to have abandoned this allegation considering they did not include the allegation in their respective declarations, which were offered as the only support for their motion for conditional certification. *See* Dkt. 21.[1]

In any event, Defendant believes there is undisputed evidence that, at all times relevant to the Complaint, Plaintiffs met both the duties and salary basis tests required for exempt status under the FLSA, and neither were subject to a policy or practice of improper pay docking.

Defendant recognizes Plaintiffs filed a motion for conditional certification and for notice to issue to a collective group of all NSUH employees who worked a 13th shift at any time since November 28, 2013. However, Defendant respectfully requests that the Court rule on its motion for summary judgment before the motion for conditional certification is decided, for the following reasons.

First, if, as Defendant believes, Plaintiffs are exempt from overtime under the FLSA, then the motion for conditional certification would be moot. *See Clarke v. JPMorgan Chase Bank, N.A.*, 2010 WL 1379778, at *1 (S.D.N.Y. Mar. 26, 2010) (granting summary judgment for defendant and denying conditional certification motion as moot); *Smith v. Johnson & Johnson*, 2008 WL 5427802, at *12 (D.N.J. Dec. 30, 2008) (same), *aff'd* 593 F.3d 280 (3d Cir. 2010); *Bucklin v. Am. Zurich Ins. Co.*, 2013 WL 3147019, at *17 (C.D. Cal. June 19, 2013) (same), aff'd 619 F. App'x 574 (9th Cir. 2015); *Winans v. Starbucks Corp.*, 796 F. Supp. 2d 515, 520 (S.D.N.Y. 2011) (granting summary judgment on NYLL claims and holding Rule 23 motion moot); *see also Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (prerequisite to conditional certification is that plaintiffs show they are similarly situated with respect to a policy or practice *that violates the law*).

---

[1] Defendant initiated a pre-filing conference in anticipation of a motion to dismiss this case on the grounds that: (1) the New York Labor Law (NYLL) claim fails because there is no salary basis test under that statute; and (2) the FLSA claim fails because the policy referenced in the Complaint (but not attached thereto) does not reveal a "policy" of pay docking, as alleged. The parties thereafter compromised and, in exchange for Plaintiffs' dismissal of the NYLL claim, Defendant withdrew its motion to dismiss. (Dkt. 13.) In doing so, Defendant recognized that the allegations in paragraphs 25-26 of the Complaint present a matter better resolved at the summary judgment stage.

Hon. Leonard D. Wexler
April 17, 2017
Page 3


      Second, the interests of judicial economy and fairness to the parties weigh in favor of reaching a decision on this threshold exemption issue for the named plaintiffs before conditional certification is decided. RNs have been historically classified as exempt from overtime under the learned professional exemption for decades – not only at NSUH, but at hospitals across the nation. If a conditional certification were granted under the somewhat lenient standard for conditional certification, notice would be disseminated widely, and potentially hundreds of RNs would be informed that a threshold showing was made that their employer may have violated the law. NSUH will have to take depositions of opt-in RNs to defend the case, and hundreds of thousands of dollars will be spent in discovery before the heightened standard can be applied on a motion for de-certification.[2] It is well within the Court's discretion to schedule the orderly disposition of issues to ensure fairness and efficiency.

      Accordingly, Defendant respectfully requests a pre-filing conference to discuss a briefing schedule and the sequencing of Defendant's motion for summary judgment and Plaintiffs' motion for conditional certification. At present, counsel are scheduled to personally appear before Magistrate Judge Locke for their Initial Conference on May 1, 2017. (Dkt. 19, 20.)

      Defendant also respectfully proposes the following: (1) the parties immediately engage in discovery pertaining to the named Plaintiffs' individual claims, which would fully enable Plaintiffs to respond to Defendant's motion for summary judgment;[3] (2) the statute of limitations for all putative collective action members be tolled until conditional certification is ultimately decided; (3) a briefing schedule on Defendant's motion for summary judgment be set; and (4) the conditional certification motion be stayed pending resolution of the summary judgment motion.

Respectfully submitted,

Amanda C. Sommerfeld

cc:    All Counsel (via ECF)

---

   [2] NSUH has suffered through the expense and disruption to hospital operations caused by conditional certification before. Conditional certification was previously granted in *DeSilva v. North Shore-Long Island Jewish Health System*, No. 2:10-cv-01341 (E.D.N.Y. Mar 8, 2012), on a different issue than that presented here. North Shore-LIJ (now Northwell Health), of which NSUH is a part, endured extremely expensive and time-consuming expansive discovery before the conditionally certified collective action was de-certified. *See* 27 F. Supp. 3d 313, 334 (E.D.N.Y. 2014).

   [3] If Plaintiffs propose a preliminary list of these items informally, Defendant will begin to gather and produce these documents on a rolling basis without awaiting a formal discovery demand.